UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Alexander V. Brown | Chapter 11 |
| | Case No. 11-12265 |
| Debtor | |

## EMERGENCY REQUEST THAT CASE BE CLOSED

Now comes Alexander V. Brown (the "Debtor"), debtor, by his attorney, and requests that his above captioned case be administratively closed, and for reasons states that there are no contested matters or adversary proceedings, and there seems to be no reason to keep the case open. In support of his motion, Brown states as follows:

1. Brown commenced this case on March 19, 2011.
2. The court confirmed his chapter 11 plan on August 15, 2014.
3. The case was administratively closed on August 12, 2016
4. Approximately 13 months later, Brown filed a motion to reopen the case in order to obtain court approval of a sale of certain real estate. This court allowed the motion to reopen. For various reasons not relevant here, the sale motion was withdrawn.
5. Thereafter, a mortgagee requested relief from the automatic stay, which was resolved on March 6, 2018.
6. Thereafter, it appears that the case was closed, but that does not appear on the docket.
7. On August 8, 2018, Brown again requested that the case be reopened in order to commence an Adversary Proceeding against a mortgagee. That proceeding has been resolved.
8. While the case was re-opened, another motion for relief from stay was filed. That matter has been resolved insofar as judicial action may be needed.
9. Accordingly, there are no contested matter or Adversary Proceedings pending, and there appears to be no reason to keep the case open.
10. Emergency determination of this motion is requested in order that the case may be administratively closed before the end of the year, thus avoiding additional fees to the United States Trustee. *See* Lehman v. Revolution Portfolio LLC, 166 F. 3d 389, fn2 (1st Cir. 1999); *see also* In Re Chandni, LLC, 570 BR 530 (Bankr. WD La. 2017)

Dated:     December 30, 2020

Respectfully submitted,
Alexander V. Brown
By his attorney,

/S/ *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 317
Boston, MA  02115
BBO # 634889
617-340-3680

Certificate of Service

The undersigned states upon information and belief that the within motion will be served on the parties named below by the court's CM/ECF system on the date set forth above.

/s/ *David G. Baker*
David G. Baker, Esq.

Eric K. Bradford on behalf of Assistant U.S. Trustee John Fitzgerald
Eric.K.Bradford@USDOJ.gov

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Jason Giguere on behalf of Dovenmuehle Mortgage, Inc. and Santander Bank
bankruptcyNE@orlans.com, ANHSOM@4stechnologies.com

David B. Madoff on behalf of Interested Party MC Capital LLC
madoff@mandkllp.com, alston@mandkllp.com

Michael P Marsille on behalf of Creditor Sovereign Bank, N.A.
michael@flynnlaw-ne.com, marsille@comcast.net

Maura K. McKelvey on behalf of Defendant Ocwen Loan Servicing
mmckelvey@hinshawlaw.com, maura-mckelvey-6492@ecf.pacerpro.com

John S. McNicholas on behalf of Creditor Deutsche Bank National Trust Company
bankruptcy@kordeassociates.com

Stephen G. Murphy on behalf of Creditor Massachusetts Department Of Revenue
murphys@dor.state.ma.us

Zoh Nizami on behalf of Creditor Deutsche Bank National Trust Company
znizami@harmonlaw.com, bankruptcy@kordeassociates.com

Marcus Pratt on behalf of Creditor Deutsche Bank National Trust Company
bankruptcy@KORDEASSOC.COM

John T. Precobb on behalf of Creditor Sovereign Bank,
JPrecobb@DHNewEngland.com

Julie A. Ranieri on behalf of Creditor Deutsche Bank National Trust Company
bankruptcy@kordeassoc.com

Tatyana P. Tabachnik on behalf of Creditor Santander Bank, N.A.
bankruptcyNE@orlans.com, ttabachnik@orlans.com; ANHSOM@4stechnologies.com

Jordan Wilcox on behalf of Creditor Sovereign Bank,
bankruptcy@orlansmoran.com, ANHSOM@4stechnologies.com; anhsom@gmail.com

Hale Yazicioglu on behalf of Interested Party Ocwen Financial Corporation
hyazicioglu@hinshawlaw.com, mtervo@hinshawlaw.com