# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ALEXANDER BROWN,<br><br>　　　　　　　　Debtor | Chapter 11<br>Case No. 11-12265-FJB |

## MEMORANDUM OF DECISION

By his Second Motion to Dismiss Debtor's Chapter 11 Case for Post-Confirmation Default, the United States Trustee ("UST"), William Harrington, seeks an order under 11 U.S.C. § 1112 dismissing this chapter 11 case. A creditor, the Massachusetts Department of Revenue (the "MDOR"), has filed a statement in support of the motion, and the debtor, Alexander Brown (the "Debtor"), opposes dismissal. For the reasons stated herein, the Court will allow the motion.

**Background and Travel of the Case**

This reorganization case was initially filed in March 2011 as a case under chapter 13 and later converted to one under chapter 11. By order dated September 9, 2014, the Court confirmed the Debtor's sixth amended plan of reorganization (the "Plan") (Dkt. #352). The road has indeed been rocky since confirmation. The confirmed plan provided for a restructuring of certain mortgage debt and for the payment of federal and state tax obligations over a thirty-six-month period. There was no provision made for any payment to nonpriority unsecured creditors. Following confirmation and in accord with a local rule in the District of Massachusetts, on August 12, 2016, the Court administratively closed the case. The case was later reopened on a motion of the Debtor to permit the Debtor to sell certain real property. At that time, the Debtor stated his intention to pay off the Plan in full from the proceeds of the sale. See Dkt. # 377, July 21, 2017 ("upon completion of the sale, [Debtor] anticipates being able to

complete all of the payments required by the plan."). The sale occurred, but the payoff of the plan did not. The case was again administratively closed on May 18, 2018, only to be reopened a second time on September 17, 2018, on the Debtor's motion to permit the filing of an adversary proceeding against a lender. The case has remained open continuously since September 17, 2018.

On December 30, 2020, the Debtor moved to administratively close the case again. The Court, concerned with the "revolving door" nature of this case more than six years after confirmation, ordered the Debtor to file "an accounting of all plan payments made on (i) the class III secured claim of the MDOR, (ii) the administrative and priority claims of the MDOR, and (iii) the priority claims of the IRS . . . [and] an affidavit in which he attests to the payments set forth in the accounting and indicates whether these claims have been paid in full[.]" Dkt. # 513. In an affidavit filed in compliance with that order, the Debtor admitted that he had failed to pay the claims of the IRS and the MDOR as required by the Plan.

Regarding payment of fees, the confirmation order, entered September 9, 2014, states that "[t]he Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. 1930(a)(6) until [his] case is closed or dismissed." Regarding the filing of quarterly reports, the confirmation order states: "After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open. The quarterly report shall be due fifteen days after the end of the calendar quarter." Regarding the content of the quarterly financial report, the confirmation order states:

> [T]he quarterly financial report shall include the following:
>
> a.    a statement of all disbursements made during the course of the quarter, by month, whether or not pursuant to the plan;
>
> b.    a summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan, if any;
>
> c.    a description of any other factors which may materially affect the Debtor's ability to complete its obligations under the plan; and

> d. an estimated date when an application for final decree will be filed with the court (in the case of the final quarterly report, the date the decree was filed).

The Debtor admits that he failed to submit to the UST the quarterly reports required by the confirmation order in each of the third quarter of 2012, the fourth quarter of 2015, and the third quarter of 2016 through the first quarter of 2021. The Debtor further concedes that he has failed to pay the quarterly fees required under 28 U.S.C. § 1930(a)(6) for some eighteen quarters, including the third quarter of 2012, the fourth quarter of 2015, the third quarter of 2016, and the third quarter of 2017 through the first quarter of 2021. For these quarters, the UST estimates that a total of $6,500 is due. The Debtor admits that he owes approximately $6,500 in fees, arguing only that the UST failed to send bills for the fees. The UST concedes that it sent no invoices for these quarters. Without quarterly reports from the Debtor as to the extent of his disbursements in these quarters, the UST cannot have known how much to bill the Debtor for these quarters.

**Arguments of the Parties**

Citing 11 U.S.C. § 1112(b)(4)(E) (failure to comply with an order of the court), (H) (failure to provide information reasonably requested by the United States Trustee), (K) (failure to pay any fees and charges required under chapter 123 of title 28) and, § 1112(b)(4) generally (undue delay), the UST requests that the court dismiss the Debtor's chapter 11 case. The UST also argues that dismissal (as opposed to conversion to a case under chapter 7) is in the best interests of creditors and the estate. The MDOR, for its part, supports dismissal, noting that under the confirmed plan the Debtor was to complete payments to the MDOR by November 1, 2017, which it is uncontested has not occurred. Although the Debtor stated in his February 27, 2021, affidavit that he was "continuing to make payments in the amounts required" to the MDOR, the MDOR reports that in fact no payments have been received by the MDOR in the months since that statement was made under oath. The MDOR avers that the last payments from the Debtor were on June 26 and July 11, 2019, and the one before that was

more than two years earlier on April 26, 2017.  Thus, the Debtor is admittedly in arrears to the MDOR, and his payments have been at best erratic.

At the hearing, Debtor's counsel could not contest the facts asserted in the UST's motion or the MDOR's joinder.  Moreover, Debtor's counsel could not propose a schedule for paying the arrears to the MDOR or the arrears due in Fees to the UST.  Debtor's counsel stated that he had not discussed the Debtor's ability to cure the arrears with his client.   Rather, the Debtor raised two legal arguments in opposition to the Motion.  First, he argued that the confirmation order is "silent" as to the Debtor's responsibility to file Reports and pay Fees when the case is "reopened."  He further argues that the relevant statute on the payment of Fees to the UST is silent on whether that duty applies to reopened chapter 11 cases.  Second, the Debtor argued that the equitable doctrine of laches bars the UST and MDOR from seeking dismissal because they have waited too long to bring the Motion.  Neither argument carries the day.

**Analysis**

This motion is brought under § 1112(b)(1) of the Bankruptcy Code, which states: "after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).  To support a motion to dismiss under § 1112(b), the movant must show "cause." 11 U.S.C. § 112(b)(1). Cause is defined as including certain enumerated events, including: "failure to comply with an order of the court," 1112(b)(4)(E), "failure timely to provide information . . . reasonably requested  by the United States trustee," § 1112(b)(4)(H), and "failure to pay any fees or charges required under chapter 123 of title 28," § 1112(b)(4)(K).  The UST argues that each of these causes for dismissal is present in this case.  The enumeration of cause in § 1112(b)(4) is not exhaustive.  The UST contends that further cause exists, specifically that the debtor's failure to close this case

within 955 days after it was most recently reopened (September 17, 2018) constitutes unreasonable delay and, as such, is further cause to dismiss.

### a. Failure to Pay a Fee Required under Chapter 123 of Title 28

The UST alleges, and the Debtor does not dispute, that the Debtor failed to pay fees due for certain quarters during which this case was open. The Debtor disputes only that fees were due for those quarters, saying the obligation applies only in open cases and not in reopened cases. I conclude that the requirement to pay a fee applied to any quarter in which the case was open, whether because it had never been closed or because it had been reopened.

By 28 U.S.C. § 1930, which is part of Chapter 123 of Title 28, a chapter 11 debtor is required to pay quarterly fees to the UST until a case is converted or dismissed.

> Except as provided in subparagraph (B), in addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11, other than under subchapter V, for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first.

28 U.S.C. § 1930(a)(6)(A). Moreover, since January 1, 2021, and the effective date of the CARES Act, the plain text of § 1930(a)(6)(B) states that such fees are to be paid to the United States trustee in each *open and reopened* case under chapter 11:

> During the 5-year period beginning on January 1, 2021, in addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each open and reopened case under chapter 11 of title 11, other than under subchapter V, for each quarter (including any fraction thereof) until the case is closed, converted, or dismissed, whichever occurs first.

28 U.S.C. § 1930(a)(6)(B)(i). For most of the periods cited by the UST, the Debtor's obligations were governed by section 1930(a)(6)(A), which simply required that fees be paid until the case is converted or dismissed. For the periods since January 1, 2021, the Debtor's obligations were and are governed by section 1930(a)(6)(B), which requires that fees be paid in each "open and reopened case." I hasten to

5

note that Congress has made it clear that "notwithstanding any other provision of law, the fees under § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans." *In re CF & I Fabricators of Utah, Inc.*, 150 F.3d 1233, 1236 (10th Cir. 1998), citing Omnibus Consolidated Appropriations Act, 1997**,** Pub. L. No. 104–208, § 109(d), 110 Stat. 3009, 3009–19 (1996). For these reasons, I conclude that the Debtor was obligated to pay a fee to the UST in each of the quarters in issue. The Debtor's failure to pay the fees due in each of eighteen quarters—the third quarter of 2012, the fourth quarter of 2015, the third quarter of 2016, and the third quarter of 2017 through the first quarter of 2021—is cause (eighteen times over) for dismissal within the meaning of § 1112(b)(1) and (b)(4)(K).

    b. **Failure to Comply with an Order of the Court**

Under § 1112(b)(4), failure to comply with an order of the court is cause for dismissal. 11 U.S.C. § 1112(b)(4)(E). The UST contends the Court's order confirming the Debtor's chapter 11 plan contained two provisions requiring the Debtor's compliance, and that the Debtor has failed to comply with both.

The first concerned payment of fees. In relevant part, the confirmation order stated: "[t]he Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. 1930(a)(6) until its case is closed or dismissed." I do not find that this language constituted an order to pay fees, or at least not clearly-enough so as to constitute a basis for the present motion. It can plausibly be read as merely putting the Debtor on notice that, under § 1930(a)(6), he will be obligated to pay quarterly fees.

The second concerned the submission of quarterly reports to the UST. Here, the relevant language is: "After confirmation, the Debtor *will serve* the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open." Here, the language was clearly directive and injunctive, an order to serve the reports. Moreover, the language is clear that the obligation to produce these quarterly reports applies "so long as the case is open." By

6

virtue of these words, the obligation applied even after reopening, because a reopened case is, until closed again, open. It is not disputed that the Debtor failed to produce reports for twenty-one quarters in which the case was open: the third quarter of 2012, the fourth quarter of 2015, and the third quarter of 2016 through the first quarter of 2021. Accordingly, the UST has established that the Debtor twenty-one times failed to obey an order of the Court. These failures constitute cause for dismissal under § 1121(b)(1) and (b)(4)(E).

### c. Failure to Provide Information Requested by the UST

The third enumerated cause on which the UST relies is "failure timely to provide information . . . reasonably requested by the United States trustee." 11 U.S.C. § 1112(b)(4)(H).  The UST appears to contend that this provision is satisfied by the Debtor's failure to produce the quarterly reports required by the confirmation order, but he does not explain how these reports might be deemed "requested by" the United States trustee, and I fail to see how the Court's order to provide the reports constitutes a request by the UST for the same. Nor does the UST allege that he otherwise requested these reports, or some or all of the information they were required to contain, from the Debtor. Accordingly, for failure to demonstrate that the information required by the reports was requested by the UST, I find no showing of cause under subsection (b)(4)(H).[1]

### d. Laches

The UST has established "cause" for dismissal:  the Debtor's failure to pay fees required under chapter 123 of title 28 (for many quarters), and his failure to comply with an order of the Court regarding the submission of quarterly reports to the UST (again for many quarters).

I turn then to the Debtor's argument that the UST and MDOR are barred from seeking dismissal by application of the equitable doctrine of laches.  Laches is defined as unreasonable delay in making an

---

[1] Subsection (b)(4) identifies a closely related cause for dismissal: "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter[.]" 11 U.S.C. § 1112(b)(4)(F). Though it may well apply here, the UST does not invoke this particular cause for dismissal.

7

assertion or claim resulting in prejudice to a party. The Debtor asserts that the UST's failure to send invoices for the Fees establishes the equitable defense of laches. This argument fails for at least four reasons. First, laches does not generally apply to government entities. *A-Plus Auto Wholesalers, LLC*, 379 B.R. 228, 231 (Bankr. D. Conn. 2007). Second, the Debtor failed to file the required disbursement reports and therefore cannot, in equity, be heard to complain that the UST did not calculate the Fees due on the disbursements that he failed to report. Third, the Debtor has not demonstrated that he was prejudiced by any delay by the UST or the MDOR; indeed, he was likely advantaged by such delay. And fourth, the Debtor's failures to pay fees and file reports extend into the first quarter of 2021 and are thus, for at least that quarter, of such recent vintage that laches cannot plausibly be said to apply.

e. **Unreasonable Delay in Closing Case**

As further cause for dismissal, the UST alleges that the Debtor has unreasonably delayed in closing this bankruptcy case. The UST's motion develops this basis almost not at all; its application here would be complex; and this basis is not one that is listed as cause *per se* in subsection 1112(b)(4). Having found ample other cause for dismissal, the Court will simply take no action on this one.

f. **§ 1112(b)(2)**

Once cause is shown, a debtor may escape conversion or dismissal by establishing "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and that (A) there is a likelihood that a plan will be confirmed in a reasonable time and (B) "the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(2). In this case, the Debtor has offered no unusual circumstances establishing that conversion or dismissal is not in the best interest of creditors or the estate. He has already confirmed a plan, but he cannot meet the other requirements of this statutory test. He has shown no reasonable justification for the

omissions—the numerous failures to submit reports and to pay fees—that constitute the established causes for dismissal. Nor has he shown that the omissions could be cured within a reasonable time. His counsel could not, despite direct questioning from the court, provide any offer of proof as to when the omissions could be cured or offer any justification for years of failures to comply with the confirmation order and the statutory requirements of an open chapter 11 case.  Counsel did mention the onset of the pandemic in early 2020 as an excuse, but many of the Debtor's failures here occurred long before the pandemic.

### g.  Best Interests of Creditors and the Estate

If cause is established to convert or dismiss, and the debtor has been unsuccessful under subsection (b)(2), the Court must convert or dismiss, "whichever is in the best interest of creditors and the estate," "unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). No one has suggested that the appointment of a chapter 11 trustee or of an examiner might be in the best interest of creditors or the estate; I do not see that either a trustee or an examiner would be of use here.  As between conversion and dismissal, the UST seeks dismissal; no one has suggested that conversion to chapter 7 would better serve the interests of creditors or the estate; and I see no benefit in conversion to chapter 7 for creditors or the estate. I conclude that dismissal is in the best interests of creditors and the estate.

### **Conclusion**

For the foregoing reasons, Court will by separate order allow the UST's motion to dismiss.

Date:  June 28, 2021

_____
Frank J. Bailey
United States Bankruptcy Judge